IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CATHERINE HERROD and ALAN PARKINSON, as guardians ad litem for SCOTT HERROD, TAYLOR HERROD, MATTHEW HERROD, ELIZABETH HERROD, minors, CATHERINE HERROD, NILES HERROD, and JANET HERROD<br><br>Plaintiffs,<br><br><br>vs.<br><br><br>WILSHIRE INSURANCE COMPANY<br><br>Defendant, Third Party Plaintiff,<br><br>vs.<br><br>ESPENSCHIED TRANSPORT, CORP., a Utah Corporation, and DATS TRUCKING, INC.,<br><br>Third Party Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br><br>Case No. 1:09-CV-109<br><br>Judge Dee Benson |

Before the court is Third Party Defendant, DATS Trucking's ("DATS") Motion to

Dismiss and Motion for Rule 11 Sanctions. Because DATS argued the undisputed facts show

that DATS is entitled to judgment as a matter of law and submitted additional information, the

motion to dismiss is better characterized as a motion for summary judgment.

The court heard oral argument on December 2, 2010. Nelson Abbott appeared as counsel for Wilshire Insurance ("Wilshire"). Terry Plant and Jeremy Seeley appeared as counsel for DATS. After taking the matter under advisement, the court has further considered the law and facts relating to the motions. Being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

The issue presented is whether Wilshire has a subrogation right through its contract with Espenschied Transport Corporation ("Espenschied") and can sue DATS on behalf of Espenschied.

Kimball Herrod was driving his car on Interstate 15 when a wheel came off the trailer of a double-wheeled semi-trailer truck driving at freeway speed in the opposite direction. The wheel flew across the median and struck the Herrods' car, killing Kimball Herrod. At the time of the accident, DATS owned and insured the tractor involved in the accident. Espenschied owned the trailer and had leased it to DATS.

Kimball Herrod's family, the plaintiffs, brought a wrongful death suit against DATS, Espenschied, and others, alleging negligence by the defendants. Espenschied contacted its insurer, Wilshire, and attempted to refer the defense of the personal injury suit to Wilshire. Wilshire determined that the trailer was not listed on the schedule of covered vehicles for Espenschied's liability policy and declined coverage for the accident. Wilshire subsequently declined to participate in defending the suit or settlement discussions.

The Herrods settled their claims with Espenschied on June 26, 2007. (Dkt. No. 11, Def.'s Mem. in Supp., Ex. L). That same day, Espenschied assigned its claims against DATS, such as

claims for liability, insurance indemnity, or consequential damages, to the Herrods. (Dkt. No. 11,

Def.'s Mem. in Supp., Ex. N).

A few months later in the fall of 2007, the Herrods settled their claims against DATS

with DATS and its insurers. (Dkt. No. 11, Def..'s Mem. in Supp., Ex. Q).  At the same time that

DATS and the Herrods reached a settlement, the Herrods and Espenschied released DATS from

liability by executing a separate Settlement Agreement and General Release.  (Dkt. No. 11,

Def.'s Mem. in Supp., Ex. P).

Espenschied did not have direct insurance for the trailer involved in the accident as it was

not listed on Wilshire's schedule of covered vehicles.  Espenschied did, however, have MCS-90

coverage under its policy with Wilshire.  Wilshire argued that it did not have to pay pursuant to

the MCS-90 endorsement because the Herrod plaintiffs had already collected the federally

mandated minimum, $750,000, in their settlement with DATS.  This Court, in an earlier ruling,

disagreed with Wilshire's position and found it liable under the MCS-90 endorsement.  (Dkt No.

33).

STANDARD OF REVIEW

DATS seeks to resolve this case on summary judgment.  Because this case is before the

court on DATS' motion for summary judgment, the court examines the evidence in the light

most favorable to Wilshire.  *Albright v. Attorney's Title Ins. Fund*, 504 F. Supp.2d 1187, 1192

(D. Utah 2007).  The Court may grant summary judgment only if "there is no genuine issue as to

any material fact and [if the moving party] is entitled to a judgment as a matter of law."  Fed. R.

Civ. P. 56.  "A 'material fact' is one that might affect the outcome of the suit under the

governing law, and a 'genuine' issue is one for which 'the evidence is such that a reasonable jury

could return a verdict for the nonmoving party.'" *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir.

2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (internal citation

omitted).

## DISCUSSION

In its reply brief, DATS argues that the court should grant summary judgment because

the MCS-90 does not allow Wilshire to step into the shoes of Espenschied and sue DATS under

a subrogation theory.  Wilshire claims that its payment on the MCS-90 creates a right of

subrogation in favor of Wilshire against DATS.

The coverage provided pursuant to an MCS-90 endorsement takes the form of a

suretyship.  *T.H.E. Ins. Co. v. Larsen Intermodal Servs, Inc.*, 242 F.3d 667 (5th Cir. 2001).  The

result of the suretyship is that the insurer becomes subrogated to the rights of the judgment

creditors of the insured parties with a right to reimbursement form the insured.  *Travelers Indem.*

*Co. of Ill. v. W. Am. Specialized Transp. Servs., Inc.*, 409 F.3d 256 (5th Cir. 2005).

In this case, the MCS-90 endorsement imposed a suretyship obligation on Wilshire to the

Herrods.  The result of the suretyship obligation is that Wilshire became subrogated to the rights

of the Herrods as judgment creditors of Espenschied with a right to reimbursement from

Espenschied.  *Travelers Indem. Co. of Ill. v. W. Am. Specialized Transp. Servs., Inc.*, 409 F.3d

256 (5th Cir. 2005).

The coverage provided pursuant to an MCS-90 endorsement does not give rise to a

subrogation right.

> The peculiar nature of the MCS-90 endorsement, granting the judgment creditor the
> right to demand payment directly from the insurer, and simultaneously granting the
> insurer the right to demand reimbursement from the insured, is inconsistent with
> allowing the insurer to stand in the shoes of the insured under a subrogation theory,

and in effect sue on behalf of the insured for injury to the insured.

*Id.* at 260.

This Court agrees with and adopts the reasoning of the Fifth Circuit Court of Appeals. Accordingly, under the circumstances of this case, Wilshire, the insurer, cannot stand in the shoes of Espenschied, the insured, under a subrogation theory and sue DATS on behalf of Espenschied. Wilshire's relationship with Espenschied under the MCS-90 does not give rise to a right of subrogation. DATS' motion for summary judgment is GRANTED.

DATS also filed a motion for Rule 11 sanctions. Having reviewed the motion and memorandum, DATS' motion for Rule 11 sanctions is DENIED.

DATED this 5th day of January, 2011.

Dee Benson
United States District Judge