IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CATHERINE HERROD and ALAN PARKINSON as guardians ad litem for SCOTT HERROD, TAYLOR HERROD, MATTHEW HERROD, ELIZABETH HERROD, minors, CATHERINE HERROD, NILES HERROD and JANET HERROD<br><br>Plaintiff,<br><br>vs.<br><br>WILSHIRE INSURANCE COMPANY;<br>Defendants.<br><br>vs.<br><br>ESPENSCHIED TRANSPORT, CORP., a Utah Corporation, Third Party Defendant; and DATS TRUCKING, INC., Third Party Defendant | **ORDER CERTIFYING JUDGMENT AS FINAL JUDGMENT PURSUANT TO RULE 54(b)**<br><br>Case No.: 1:09-CV-00109<br><br>Judge: Benson, Dee<br><br>Description: Herrod, et al. v. Wilshire Insurance. |

Currently before the Court is Defendant Wilshire Insurance Company's ("Wilshire") Motion for entry of a Rule 54(b) certification of the judgment entered on January 19, 2011, docket number 51. For the reasons set forth below, the Court grants the Motion.

**FACTUAL/PROCEDURAL BACKGROUND**

This Court entered final judgment in this matter in favor of Plaintiffs against Wilshire on January 19, 2011. The same day, the Court ordered Wilshire's Third Party Complaint against Espenschied be dismissed without prejudice. On February 16, 2011, Wilshire appealed from the judgment entered against it on January 19, 2011, and the appeal was held in abeyance pending this Court's ruling on Wilshire's Rule 59(e) Motion to Alter or Amend. After this Court denied Wilshire's Rule 59(e) Motion, the Court of Appeals restored Wilshire's appeal to an active status.

The Court of Appeals has now given notice that the judgment entered by this Court may not be final as to all parties because Wilshire's claims against Espenschied were dismissed without prejudice. Accordingly, the Court has ordered Wilshire to take action to clarify whether the dismissal without prejudice prevents the appellate court from entertaining this appeal. Wilshire now moves for 54(b) certification so that the appeal may move forward.

## ANALYSIS

To grant a Rule 54(b) certification, the Court must determine (1) that the order it is certifying is a final order and (2) that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case. *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). The first prong of this determination is satisfied when the order or judgment entered by the district court is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). This occurs when the claim resolved by the judgment is "distinct and separate from the claims left unresolved." *Oklahoma Turnpike*, 259 F.3d at 1243.

In the present case, the judgment previously entered by the Court, and from which Wilshire has appealed, is "final," in that it is separate and distinct from the remaining claims between Wilshire and Espenschied. In addition, there is no just reason to delay review of this final judgment. The judgment entered on Plaintiffs' claims against Wilshire involves Plaintiffs' claim that Wilshire has obligations under the MCS-90 Endorsement. The Court based this on its determination that, pursuant to federal law, the MCS-90 Endorsement is applicable to the accident giving rise to this lawsuit. In contrast, Wilshire's claims against Espenschied are separate and distinct from, and entirely dependent on, the decision as to the applicability of the

MCS-90. Specifically, Wilshire, in its Third-Party Complaint against Espenschied, sought a ruling that Espenschied must reimburse Wilshire for any payment made pursuant to the MCS-90 Endorsement. Clearly, this separate and distinct claim depends entirely on whether the MCS-90 does, in fact, require Wilshire to make any payment to Plaintiffs. If Wilshire prevails on its appeal, no payment will be required and Wilshire's claims against Espenschied will be moot. On the other hand, if Wilshire loses its appeal, its claims against Espenschied will then be ripe[1] for adjudication.

For these reasons, it is in the interest of both justice and judicial economy that the prior judgment in favor of Plaintiffs against Wilshire be certified as final pursuant to Rule 54(b). Doing so will allow the resolution of the primary issue in this case—the applicability of the MCS-90—before the Court proceeds to separate, secondary issues. In addition, the Rule 54(b) certification will keep the Court from unnecessarily expending resources in developing a record and ruling on Wilshire's claims against Espenschied, when those claims, depending on the outcome of the appeal, may not need to be decided at all. Accordingly, there is no just reason for delay of the entry of final judgment as to Plaintiffs' claims against Wilshire.

Accordingly, it is ORDERED the judgment entered by the Court on January 19, 2011, in favor of Plaintiffs against Wilshire, is declared to be a final judgment pursuant to Fed. R. Civ. P. 54(b).

Dated this day of 20th day of ~~September~~ October, 2011.

Hon. Dee Benson
United States District Judge

---

[1] Wilshire has not appealed the finding that its claim against Espenschied is not ripe.