IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CATHERINE HERROD and ALAN PARKINSON, as guardinas ad litem for S.H., T.H., M.H., E.H., minors, C.H., N.H., J.H., <br><br>Plaintiffs-Appellees, <br><br> vs. <br><br> WILSHIRE INSURANCE COMPANY, <br><br>Defendant-Third-Party Plaintiff-Appellee. | MEMORANDUM DECISION AND ORDER <br><br><br> Judge Dee Benson <br><br> Case No. 1:09-cv-00109 |

This case is before the court on remand from the Tenth Circuit Court of Appeals to determine the specific issue of whether, at the time of the accident which is the subject of this lawsuit, Espenschied Transport Corporation ("Espenschied") was a for-hire motor carrier in the "business of transporting, *for compensation*, the goods or property of another," pursuant to the Motor Carrier Act, 49 C.F.R. 387.5. *Herrod v. Wilshire Ins. Co.*, 499 Fed. App'x 753, 759 (10th Cir. 2012)(ECF No. 96, pp. 13-14). Both parties moved for summary judgment on this issue. A hearing was held on November 4, 2014. Plaintiffs were represented by L. Rich Humpherys and

1

Karra J. Porter. Defendant was represented by Robert D. Moseley and Nelson Abbott. After oral argument, the court took the issue under advisement. Having considered the relevant facts and law, the court issues the following order granting Defendant's Motion for Summary Judgment and denying Plaintiffs' Motion for Summary Judgment.

The court agrees with Defendant that the undisputed facts clearly show that at the time of the accident, Espenschied, while still an authorized motor carrier, was no longer in the business of transporting goods of another for compensation. Effective January 1, 2005, Espenschied sold all of its assets to DATS Trucking, Inc. ("DATS"), with the exception of its trailers, which it leased to DATS. Espenschied signed a non-compete provision with DATS and Espenschied cancelled its cargo insurance, which had been required to maintain its motor carrier authority. These and other of Espenschied's actions evidence that, as of January 1, 2005, the nature of Espenschied's business changed. It ceased its transportation services and, instead, operated going forward only as a lessor of trailers to DATS.

The accident occurred on January 30, 2005, when a tire on the trailer being leased and driven by DATS, came off its axil, crossed the median and struck Mr. Kimball Herrod's vehicle. As a result of this tragic accident, Mr. Herrod was killed.

Plaintiffs argue that because Espenschied was a motor carrier for-hire transporting goods for compensation when it drove the trailer to Idaho prior to January 1, 2005, Espenschied

was necessarily a motor carrier for-hire for the return portion of that trip on January 30, 2005, the date of the accident. This argument is unpersuasive, however, because between the time that Espenschied drove the trailer to Idaho and the time DATS returned the trailer that it was then leasing, Espenschied's business had changed. Espenschied was no longer in the "business of transporting, *for compensation*, the goods or property of another."

Accordingly, Plaintiffs' Motion for Summary Judgment is hereby DENIED. Defendant's Motion for Summary Judgment is hereby GRANTED.

IT IS SO ORDERED.

DATED this 28th day of November, 2014.

_____
Dee Benson
United States District Judge